UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WESTFIELD INSURANCE COMPANY,
   Plaintiff,

v.                                                                  Case No: 6:19-cv-106-Orl-28KRS

TRAVIS RESMONDO SOD, INC., L&C
TRUCKING, CLEMON JOSEPH JONES
III, CLEMON JOSEPH JONES IV, and
SEAN F. BOGLE,
   Defendants.

## ORDER

Westfield Insurance Company brings this declaratory judgment action against five Defendants. In its Complaint, Westfield asserts that this Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332 based on diversity of citizenship. On *sua sponte* review of the Complaint, however, the Court finds that Westfield has failed to adequately allege diversity of citizenship.

Federal courts have not only "the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., 760 F.2d 1249, 1251 (11th Cir. 1985). Here, Westfield has sufficiently alleged its own citizenship and that of one of the five Defendants—Travis Resmondo Sod, Inc. (See Compl. ¶¶ 3 & 4). But Westfield's allegations of the citizenship of the four other Defendants are inadequate to establish this Court's jurisdiction.

First, Westfield alleges that "[u]pon information and belief, Defendant L&C Trucking, is a Florida entity with its principal place of business located in Florida." (Compl. ¶ 5).

Westfield does not identify what type of entity L&C Trucking is, and the Court cannot make that determination on its own or assess the citizenship of that entity.[1]

Westfield's jurisdictional allegations additionally fall short because Westfield only pleads that Defendants Clemon Joseph Jones III, Clemon Joseph Jones IV, and Sean Bogle are "residents" of Florida. (Id. ¶¶ 6–8). "Diversity of citizenship, not of residence, is required under 28 U.S.C. § 1332." Cong. of Racial Equal. v. Clemmons, 323 F.2d 54, 58 (5th Cir. 1963). Thus, an allegation that a party is a resident of a particular state is not sufficient to allege the citizenship of that party. Id.

Repleading is required to cure Westfield's deficient allegations of subject-matter jurisdiction. Accordingly, it is **ORDERED** as follows:

1. The Complaint (Doc. 1) is **DISMISSED without prejudice**.

2. **On or before March 8, 2019**, Westfield may file an amended complaint that sets forth a basis for this Court's subject-matter jurisdiction. Failure to timely file an amended complaint that cures the deficiencies noted in this Order may result in closure of this case without further notice.

3. The Motion to Dismiss, or Alternatively, to Stay (Doc. 25) filed by Defendant Sean Bogle is **DEEMED MOOT**.

**DONE** and **ORDERED** in Orlando, Florida, on February 25, 2019.

JOHN ANTOON II
United States District Judge

Copies furnished to: Counsel of Record

---

[1] The citizenship of an incorporated business entity depends upon the entity's state of incorporation and the state where it has its principal place of business. See 28 U.S.C. § 1332(c)(1). The citizenship of an unincorporated business association or entity depends on the citizenship of its individual members. See, e.g., Scuotto v. Lakeland Tours, LLC, No. 3:13-cv-1393, 2013 WL 6086046, at *1 (M.D. Fla. Nov. 19, 2013).